IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WALTER BENNETT COMMUNICATIONS : CIVIL ACTION
OF PENNSYLVANIA, INC. :
 :
     v. :
 :
JACK K. HIBBARD : NO. 09-3633

MEMORANDUM

Fullam, Sr. J.                                           February 24, 2010

       The plaintiff has filed suit against its former president, who allegedly left his employment after copying confidential information for his own use and then deleting it from a company-issued laptop computer. By memorandum and order dated November 18, 2009, I granted the defendant's motion to dismiss certain counts of the complaint without prejudice. The plaintiff has filed an amended complaint, and the defendant seeks to dismiss the claims that allege violation of the federal Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030(g)(Count IV), violation of the Pennsylvania Uniform Trade Secrets Act, 53 Pa. Cons. Stat. Ann. § 5301, *et seq.* (Count V), and misappropriation of trade secrets (Count VI).

       The CFAA is a criminal statute that allows for civil suits under certain limited circumstances. Most relevant to this case, the statute requires that the plaintiff suffer a "loss," which is defined as:

> [A]ny reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service[.]

18 U.S.C. § 1030(e)(11). Defendant argues that the plaintiff has not alleged a statutorily-defined loss, hence the claim must be dismissed. See Telquest Intern. Corp. v. Dedicated Business Systems, Inc., 2009 WL 3234226 (D.N.J. Sep 30, 2009) (holding that "[the plaintiff] does not allege that it suffered a loss of revenue because [its] computer functions were inoperative, but because [it] lost customers as a result of defendants' business activities. This does not constitute loss under the CFAA.")

The plaintiff has also alleged various state-law claims, among them that confidential client information was misappropriated and that such information constitutes a trade secret, as defined by the Pennsylvania statute. The defendant argues that such information is known to anyone in the plaintiff's business, but I cannot assume this to be true in the context of a motion to dismiss. The amended complaint pleads the common-law claims of misappropriation of trade secrets and confidential business information in the alternative to a claim under the statute. Should the information in question turn out to be a trade secret, the claim will be preempted, but in the face of alternative pleading this question (and, indeed, all of

2

the issues raised by the defense), is better resolved upon development of the factual record.

The motion to dismiss will be denied.

BY THE COURT:

/s/ John P. Fullam
John P. Fullam,    Sr. J.